UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **REGINALD BATES** | * | **CIVIL ACTION NO. 24-2466** |
| **VERSUS** | * | **JUDGE ELDON E. FALLON** |
| **GKD MANAGEMENT, L.P., D/B/A** | * | **MAGISTRATE JUDGE** |
| **A&G COMMERCIAL TRUCKING, INC.** | | **KAREN WELLS ROBY** |
| | * | |

\* \* \* \* \* \* \*

## ORDER & REASONS

Before the Court is a motion for summary judgment filed by Defendant GKD Management, L.P. d/b/a A&G Commercial Trucking, Inc. ("GKD"). R. Doc. 28. Plaintiff Reginald Bates opposes the motion. R. Doc. 29. Defendant replied. R. Doc. 31. Considering the briefing, record, and applicable law, the Court now rules as follows.

**I.    BACKGROUND**

This is a car accident case arising out of an alleged hit-and-run on the Crescent City Connection. R. Doc. 2-1 at 4–6. Plaintiff originally brought suit in state court, alleging that a vehicle operated by an agent of GKD, who was within the course and scope of his employment, side-swiped Plaintiff's vehicle and then fled the scene of the accident. *Id.*

The parties agree that Plaintiff took pictures of the vehicle that side-swiped him, and the photographs of the tractor's door/cab show the words "leased to GKD" and a USDOT number assigned to GKD. R. Doc. 29-1 at 2. Mr. Bates also took photographs of a manufactured home/structure being transported on wheels on the Crescent City Connection, but the photographs do not explicitly show that the home/structure is being transported by the tractor contained in Mr. Bates's other photos and—unlike the tractor—bear no mention of GKD. *Id.*; R. Doc. 28-2 at 2.

1

However, Plaintiff maintains in his deposition and in his briefing that he witnessed the tractor hauling the mobile home at the time of the accident. *E.g.*, R. Doc. 29 at 2.

Plaintiff brought this suit against GKD for its agent's negligence, seeking to recover damages for past and future physical and mental pain and suffering, past and future medical expenses, inconvenience, lost wages and/or loss of earning capacity, loss of enjoyment of life, and permanent disability. R. Doc. 2-1 at 6.

## II.    PRESENT MOTION

Defendant now asks the Court to grant summary judgment in its favor and dismiss Plaintiff's negligence claims with prejudice because Plaintiff has no evidence that GKD owed him any relevant duty, and thus GKD cannot be liable to Plaintiff. R. Doc. 28. In GKD's eyes, Plaintiff cannot show that GKD specifically owed him any legal duty at the time of the accident because Plaintiff has no evidence that the tractor alleged to have side-swiped him was within GKD's control at the time of the accident. R. Doc. 28-1. GKD contends that Plaintiff's picture evidence reveals that the tractor "lacks the required indicia of a tractor that would have been operating under an *active* lease." R. Doc. 28-1 at 3. Moreover, because the Plaintiff has no personal knowledge that the tractor involved in the collision was under an active lease with GKD, and because the parties did not unearth the identity of the driver nor any identifying information about the tractor itself (such as a vehicle identification number (VIN)), GKD presses that Plaintiff will not be able to put forth sufficient evidence that the tractor was operating under an active GKD lease at the time of the accident. *Id.* at 10–12. Thus, without affirmative evidence to link the tractor to GKD, Plaintiff has no evidence that GKD owed him a legal duty at the time of the accident.

Plaintiff opposes the motion. R. Doc. 29. He argues that the pictures he took undisputably associate GKD with the tractor at issue in this case, and these pictures are enough to create an issue

2

of material fact as to whether the tractor was under GKD's custody and control at the time of the accident. *Id.* at 8–10. Plaintiff takes the position that GKD failed to present evidence that unequivocally establishes that the tractor was *not* leased to GKD at that time, and that "GKD has only presented self-serving evidence and testimony that it cannot identify that particular truck which struck Plaintiff due to their own internal record keeping abilities, or lack thereof." *Id.* at 9. Thus, because disputed facts persist, Plaintiff asks that the Court deny summary judgment.

Defendant replied in support of its motion, largely reiterating its original arguments. R. Doc. 31. It asks the Court to observe the record as a whole and find that Plaintiff's pictures are "[a]t most [] probative of the pictured tractor having been leased to GKD at some unknown time for some unknown purpose." *Id.* at 3. Thus, when weighed against the evidence that the "tractor undisputably lacked a required GKD Unit Number and was not hauling one of GKD's customers' products at the time it was photographed by Mr. Bates," GKD contends that Plaintiff's pictures are insufficient to show an active lease at the time of the accident. *Id.* at 3–5.

### III.     LEGAL STANDARD

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion; that is, the absence of a genuine issue as to any material fact or facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. Fed. R. Civ. P. 56(c*)*; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). A fact is "material" if its resolution in favor of one party may affect the outcome of the case. *Saketkoo v. Adm'rs of Tulane Educ. Fund*,

31 F.4th 990, 997 (5th Cir. 2022). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

The Notice of Removal asserts that this Court has diversity jurisdiction over this case. R. Doc. 2 (relying on 28 U.S.C. § 1332); *see also* R. Doc. 35 (submitting summary-judgment-type evidence in support of the amount in controversy being plausibly in excess of $75,000 at the time of removal). As such, this Court must apply state substantive law to its analysis of Plaintiff's claims. *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007).

## IV. DISCUSSION

GKD asks that the Court grant summary judgment in its favor on Plaintiff's negligence claim because the record when viewed as a whole cannot support a finding that the pictured tractor was within GKD's control at the time of the accident. *E.g.*, R. Doc. 31 at 3. The Court declines the invitation to improperly weigh the evidence at the summary judgment stage. Accordingly, for the following reasons, the Court will deny Defendant's motion.

Louisiana Civil Code article 2315 provides that "[e]very act whatever of man that causes damages to another obliges him by whose fault it happened to repair it." This general negligence statute utilizes the standard duty-risk analysis, which requires that the plaintiff prove the following five elements:

> (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element).

4

*Lemann v. Essen Lane Daquiris, Inc.*, No. 2005-1095 (La. 3/10/06), 923 So. 2d 627, 633 (citing *Fowler v. Roberts*, 556 So. 2d 1, 4 (La. 1989), *reh'g granted on other grounds and original opinion reinstated as supplemented*, 556 So. 2d at 13 (La. 1990)). Here, Defendant only takes issue with the first element—whether it owed Plaintiff a duty in this particular instance to conform its conduct to a specific standard.

"A threshold issue in any negligence action is whether the defendant owed the plaintiff a duty." *Id.* The question of duty is a question of law. *Id.* In determining whether the defendant owed the plaintiff a duty, the Louisiana Supreme Court instructs courts to make "policy decision[s] in light of the unique facts and circumstances presented" with the inquiry being "whether the plaintiff has any law (statutory, jurisprudential, or arising from general principles of fault) to support the claim that the defendant owed him a duty." *Id.* (citations omitted). "Summary judgment is proper only where no duty exists as a matter of law and no factual or credibility disputes exists." *Parish v. L.M. Daigle Oil Co.*, No. 98-1716 (La. App. 3 Cir. 6/23/99), 742 So. 2d 18, 25.

Summary judgment is improper here because of the presence of factual disputes and credibility disputes that strike at the heart of the question of whether GKD owed Plaintiff a duty. To be clear, "[a]ll motorists have a never-ceasing duty to maintain a sharp lookout and to see that which in the exercise of ordinary care should have been seen." *Theriot v. Bergeron*, No. 2005-1225 (La. App. 1 Cir. 6/21/06), 939 So. 2d 379, 383. Under Louisiana law, "courts have recognized that a professional truck driver is a superior actor in the eyes of the law." *Davis v. Witt*, No. 2002-3102 (La. 7/2/03), 851 So. 2d 1119, 1128. "The duty owed by a truck driver includes the duty to know the machine he is operating and the size of the trailer" and/or load. *Theriot*, No. 2005-1225, 939 So. 2d at 383. Thus, it is clear that the driver of the tractor at issue here owed Plaintiff a duty. The

5

question then shifts from the existence of a duty generally to the existence of a duty of GKD specifically to Plaintiff. This is where factual and credibility disputes preclude summary judgment.

Plaintiff submits as summary judgment evidence a sworn affidavit which details the accident and explains that Plaintiff took near-contemporaneous pictures of the tractor and its load after it struck him. R. Doc. 29-1. The pictures clearly display on the side of the tractor, "Leased To GKD Management LP DBA A&G Commercial Trucking Crump, TN USDOT 857474." *E.g*, *id.* at 3–4, 10. He also submitted a "USDOT INFORMATION" page for GKD, which displays an active USDOT number of 857474—identical to the number on the side of the tractor in Plaintiff's pictures. R. Doc. 29-3. Additionally, GKDs corporate representative testified that the company holds one USDOT number and that all the company's units or tractors are required to bear GKD's USDOT number while they are under an active lease. R. Doc. 28-7 at 50–51, 66–67. Considering that the pictures were taken immediately after the alleged accident, and that the tractor depicted in the pictures bears GKD's then-active and still-active USDOT number, the Court finds that Plaintiff has presented evidence that the depicted tractor could have been under an active lease with GKD at the time of the accident. Thus, a reasonable juror could conclude, based on the pictures, testimony, and USDOT registration page that GKD owed Plaintiff a duty at the time of this accident.

Defendant asks the Court to view the record in its entirely and find that the "record as a whole cannot establish that GKD was actively leasing the tractor at the time of this accident." R. Doc. 31 at 3. Defendant presses that the tractor (1) is missing a GKD unit number, which GKD requires to be displayed on the tractor during an active lease; (2) does not have GKD's USDOT number in an appropriate location near the IFTA[1] fuel sticker area; and (3) displays a different

---

[1] International Fuel Tax Agreement.

USDOT number unaffiliated with GKD, which is problematic because GKD does not permit active lease tractors to operate under multiple USDOT numbers. *Id.* It also argues that the home/structure being hauled apparently displays lettering and numbering that is inconsistent with the style of lettering and numbering used by GKD's manufacturer customers. *Id.* Overall, from GKD's perspective, because its lessors "often 'de-lease' from GKD on a whim . . . [and t]his type of 'de-leasing' can happen at any time with no notice provided to GKD." *Id.* at 6. Thus, GKD avers that the lettering on the side of the tractor is too tenuous of a connection to establish that it owed Plaintiff a legal duty in connection with this accident.

The Court finds GKD's arguments unavailing, particularly because the Court is called to "consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008). If the Court were to agree with GKD, it would be impermissibly weighing the credibility of Plaintiff and facts established by his pictures with the credibility and facts contained in GKD's corporate deposition and summary judgment materials. Furthermore, Defendant hangs its hat on Plaintiff's inability to produce evidence other than his pictures to demonstrate that the tractor was under an active GKD lease at the time of the accident. But Defendant's corporate representative testified that the company's internal investigation into the identity of the driver and the tractor at-issue here included her "ask[ing] a few people if they recognized the unit" and "check[ing] our electronic logging devices, which again, not all of [the units] are on electronic logging devices." R. Doc. 28-7 at 59. GKD's corporate representative stated "I can't determine what—I have no idea whose truck this is." *Id.* The jury is in the best position to make credibility determinations and weigh the sufficiency of GKD's attempts to ascertain the identity of the driver against Plaintiff's nearly contemporaneous photographic

evidence of GKD's name on the tractor's side. Considering the record and the facts and circumstances of this particular case, Plaintiff's evidence that GKD may have owed it a legal duty in relation to this accident is sufficient to survive summary judgment.

## V. CONCLUSION

Considering the foregoing,

**IT IS ORDERED** that Defendant's motion for summary judgment, R. Doc. 28, is **DENIED**.

New Orleans, Louisiana, this 3rd day of March, 2026.

THE HONORABLE ELDON E. FALLON